**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| SCOTT M. CROWLEY,<br><br>         Plaintiff,<br><br>    v.<br><br>MARK SHURTLEFF et al.,<br><br>         Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT**<br><br>Case No. 2:07-CV-5 DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul Warner |

Plaintiff, Scott M. Crowley, an inmate at the Federal Correctional Institution in Sheridan, Oregon, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.A. § 1983 (West 2008).  Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* 28 U.S.C.A. 1915 (West 2008).  This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

**ANALYSIS**

**I. Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, or fail to state a claim upon which relief may be granted.  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the

plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a complaint, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se, the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II. Plaintiff's Claims

Plaintiff's Complaint alleges denial of due process under the Fourteenth Amendment stemming from the lodging of a detainer against Plaintiff by the Utah Department of Corrections. Plaintiff alleges that on September 28, 1992, he was sentenced to a term of 0-5 years imprisonment at the Utah State Prison. On July 28, 1993, Plaintiff "failed to return to custody while on a

day-pass" and escape charges were filed against him in the State of Utah. (Compl. at 2.) On October 4, 1993, Plaintiff was arrested in San Francisco, California, on federal bank robbery charges. Following Plaintiff's conviction on the federal charges, the State of Utah dismissed the escape charges against Plaintiff but filed for a detainer on February 16, 1995, requiring that Plaintiff be returned to Utah following the expiration of his federal sentence to serve out the remainder of his Utah sentence. Plaintiff was transferred back to the custody of the Utah Department of Corrections on September 28, 2001. On December 11, 2001, Plaintiff was brought before a hearing officer for the Utah Board of Pardons and Parole for a "rescission hearing" in which Plaintiff was found guilty of a disciplinary infraction related to his escape in 1993. Based on this finding, Plaintiff was required to serve additional time on his Utah sentence before being eligible for parole. Plaintiff was granted parole on May 21, 2002, and was released to a halfway house.

Plaintiff's Complaint asserts that the detainer lodged against him was improper because it purported to be for a "parole violation" although Plaintiff had not been granted parole prior to the time of the detainer. Plaintiff also asserts that it was improper for the parole board to sanction him for a disciplinary infraction which occurred more than eight years prior to his

rescission hearing, especially given the fact that the criminal escape charges against him were dismissed.  The Complaint names the following defendants in their individual and official capacities:  Mark Shurtleff, Attorney General for the State of Utah; David R. Franchina, the Utah Board of Pardons and Parole hearing officer who conducted the rescission hearing; and, June Hinckley, the Utah State Prison records agent who prepared the detainer against Plaintiff.  Plaintiff's suit seeks compensatory and punitive damages and costs.

### III. Statute of Limitations

The United States Supreme Court has held that a complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that relief is barred by the applicable statute of limitations.  *See Jones v. Bock*, 127 S. Ct. 910, 920-21 (2007).  Although the untimeliness of an action under relevant statutes of limitation is ordinarily raised as an affirmative defense, *sua sponte* dismissal of a complaint on limitations grounds is appropriate where the affirmative defense appears on the face of the complaint.  *See Leveto v. Lapina*, 258 F.3d 156, 161 (3rd Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face" (internal quotation marks omitted)); *see also Lopez-Gonzalez v. Municipality of Comerio*, 404 F.3d 548, 551

(1st Cir. 2005) (dismissing a complaint barred by the statute of limitations under Rule 12(b)(6)).

It is well settled that the State of Utah's residual statute of limitations for personal injury actions, Utah Code Ann. § 78-12-25(3), applies to § 1983 claims brought in the District of Utah.  *See* *Larson v. Snow College*, 189 F. Supp.2d 1286, 1298 (D. Utah 2000).  Thus, the applicable statute of limitations period in this case is four years.  *See* Utah Code Ann. § 78-12-25(3) (West 2008).

The allegations of the Complaint clearly show that this suit was not filed within the four-year limitations period applicable to Plaintiff's claims.  The relevant events forming the basis for Plaintiff's present claims are: (1) the filing of a detainer against Plaintiff on February 16, 1995; (2) Plaintiff's return to Utah Department of Corrections custody on September 28, 2001; and (3) the rescission hearing conducted by the Utah Board of Pardons and Parole on December 11, 2001.  Each of these events occurred more than four years prior to the filing of this suit on January 4, 2007.  Based on these facts, it is clear from the face of the Complaint that Plaintiff's claims are barred by the applicable statute of limitations.  Thus, the Court concludes that Plaintiff's Complaint must be dismissed for failure to state a claim on which relief can be granted.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief granted and this case is closed.

BY THE COURT:

DATED this 19th day of December, 2008.

_____
DALE A. KIMBALL
United States District Judge